UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br>　　et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00952-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM AND, ALTERNATIVELY, FOR FAILURE TO EXHAUST<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT<br><br>(ECF Nos. 1, 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff, Paul Nivard Beaton, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court for screening is Plaintiff's Complaint, filed on July 12, 2019. (ECF No. 1.) Plaintiff alleges that Defendants have placed false and inaccurate information in his prison medical records. Also before the Court is Plaintiff's motion on emergency grounds, filed on July 26, 2019 (ECF No. 8), which the Court construes as a motion to supplement the complaint. The Court recommends that the Complaint (ECF No. 1) and this action be dismissed for failure to exhaust and failure to state a cognizable claim. The Court denies the motion to supplement the Complaint (ECF No. 8).

///

///

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

2

law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### III. PLAINTIFF'S COMPLAINT

#### A. Summary of the Complaint

The Complaint names as defendants the State of California, California Department of Corrections and Rehabilitation ("CDCR"), and Valley State Prison ("VSP"). (ECF No. 1) Plaintiff alleges that his medical records state, under "criminal history," the following: "murder," "brain trauma," and "4th grade education level." (*Id.* at 4.) Plaintiff alleges that this information is false, defamatory, slanderous, and libelous. (*Id.*) Plaintiff alleges that these "false slanders subject me to a differential" medical treatment in prison and that because of this allegedly false information in his medical records, once he is released from prison and seeks medical treatment, the "outside" doctors "will treat me wrong." (*Id.* at 5, 6.) For relief, Plaintiff seeks a court order requiring CDCR to "stop it, erase[] it, because it's wrong," and that all references to "murder, brain trauma, 4th grade," "must be erased from all CDCR medical records." (*Id.* at 7.)

#### B. The Complaint Fails to State a Cognizable § 1983 Claim

In general, prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The same principle applies to claimed due process violations arising from allegedly false information in prison documents, such as medical records. *See Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997);[1] *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (Prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," so long as

---

[1] *Hines* reaffirms, however, that a prisoner may challenge false records if the false records were created in retaliation for a prisoner's exercise of their protected First Amendment rights. *Hines*, 108 F.3d at 269.

3

they are "not . . . deprived of a protected liberty interest without due process of law.").

Here, Plaintiff is alleging that his medical records contain false information regarding his criminal history and mental health status. The mere presence of this allegedly false information in Plaintiff's medical records does not, without more, violate Plaintiff's constitutional rights. *See ibid.* Thus, the Complaint fails to state a cognizable claim under § 1983. The Complaint is therefore subject to dismissal for failure to state a claim upon which relief may be granted. Further, as discussed next, Plaintiff's Complaint is subject to dismissal on the alternative ground of failure to exhaust.

### C. Plaintiff Failed to Exhaust His Administrative Remedies

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"The California prison grievance system has three levels of review; a prisoner exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)); *see also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies. . . ."). Prisoners must submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). Further, prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).

The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the

prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *see Ross v. Blake*, 136 S. Ct. 1850, 1857, 1859 (2016).

Here, Plaintiff states in the Complaint that he has not exhausted his administrative remedies, stating that administrative remedies "doesn't exist." (ECF No. 1 at 5-6.) However, as noted above, California prisons do have a prison grievance system and the requirement of exhaustion of remedies through this system applies to all prisoner suits relating to prison life. *See Reyes,* 810 F.3d at 657 (California prisons have a grievance system); *Jones*, 549 U.S. at 211 (exhaustion of available administrative remedies is mandatory and unexhausted claims cannot be brought to court); *Porter*, 534 U.S. at 532 ("the PLRA's exhaustion requirement applies to all inmate suits about prison life"). Plaintiff's claims that his CDCR medical records contain false information regarding his criminal history and mental health status and that this allegedly false information is affecting the care he receives, and will receive in the future, relate to prison life. He was therefore required to exhaust his administrative remedies. His Complaint is, accordingly, subject to dismissal both for failure to state a cognizable claim, as discussed above, and alternatively for failure to exhaust administrative remedies.

### D. Leave to Amend the Complaint Should be Denied

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. *See id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005-06.

After careful consideration, the Court finds that the Complaint's allegations against

Defendants cannot establish a plausible § 1983 claim as a matter of law and that amendment would accordingly be futile. Plaintiff's underlying factual allegations are clear. The issue is that the factual circumstances raised in the Complaint do not give rise to a constitutional claim.

## IV. MOTION TO SUPPLEMENT COMPLAINT

### A. Summary of Motion to Supplement the Complaint

In his proposed supplement to the Complaint, Plaintiff alleges that various individuals and the "ICE Sacramento Field Office" have placed in Plaintiff's CDCR records "that I'm resident alien which I am not. I am U.S. Citizen." (ECF No. 8.) Plaintiff alleges that, as a result of this allegedly false information in his CDCR records, there is an Immigrations and Customs Enforcement ("ICE") hold on him and he is in danger of being wrongly deported. (*Id.*) Plaintiff alleges that he became a U.S. Citizen on May 8, 1996, in a naturalization ceremony in Sacramento, California. (*Id.*) Plaintiff also alleges that the false information stating that he is a resident alien was put into his records in retaliation and indicates that this retaliation was in response to his filing of the present action and an "appeal to VSP CDCR 602 on 5/17/2019." (*Id.* at 8.)

### B. Analysis of Motion to Supplement the Complaint

Local Rule 220, which applies to "changed pleadings," including supplemental pleadings filed under Federal Rule of Civil Procedure 15(d), provides:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

Local Rule 220.

Plaintiff has not provided a single complaint that is complete in itself without reference to any prior or superseded pleading as required under Rule 220. Further, because the Complaint is subject to dismissal for both failure to state a cognizable claim and failure to exhaust, as

6

discussed above, there is no cognizable claim to supplement.

Moreover, a review of the allegations in the proposed supplement demonstrates that supplementation is not appropriate here. First, the proposed supplement involves different defendants when compared to the Complaint. Specifically, the Complaint names the State of California, CDCR, and VSP as defendants (ECF No. 1). In contrast, the proposed supplement lists numerous individuals—Captain Waybright, M. Gallardo, M. Martinez, VSP staff, and ICE-Sacramento Field Office (ECF No. 8)—none of whom are named as defendants in the Complaint.

Second, the claims raised in the Complaint are different than the claim raised in the proposed supplement. The Complaint alleges that the State of California, CDCR, and VSP placed in Plaintiff's CDCR medical records allegedly false information regarding Plaintiff's criminal history and mental health (ECF No. 1). In contrast, the proposed supplement alleges that other individuals have retaliated against Plaintiff by putting allegedly false information regarding Plaintiff's citizenship into his CDCR records (ECF No. 8). Thus, although both the Complaint and the proposed supplement relate to allegedly false information in CDCR records, the type of allegedly false information in those records differ (criminal history and mental health information in the Complaint versus citizenship status in the proposed supplement); and the type of records at issue also differ (medical records in the Complaint versus general prison records in the proposed supplement).

Third, the allegations in the proposed supplement do not state a cognizable claim. As noted previously, false information in prison records that does not cause the inmate to be subjected to atypical and significant hardship in relation to the ordinary incidents of prison life does not generally give rise to a cognizable claim. *See Sandin*, 515 U.S. at 484; *Hines*, 108 F.3d at 268-69l; *Freeman*, 808 F.2d at 951. There is, however, an exception to this general rule—a prisoner may challenge false records if the false records were created in retaliation for a prisoner's exercise of their protected First Amendment rights. *Hines*, 108 F.3d at 269.

To state a claim for retaliation, Plaintiff must allege facts demonstrating "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate

7

(2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Wood v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Plaintiff alleges in the proposed supplement that he is a naturalized U.S. Citizen, and that Captain Waybright, M. Fallardo, A. Martinez, VSP Staff, and the ICE-Sacramento Field Office have placed in Plaintiff's CDCR records false information stating that Plaintiff is a resident alien and that this was done in retaliation. (ECF No. 8.) Plaintiff also indicates that, as a result, there is an ICE hold on him. The Court will assume, without deciding, that placing false citizenship status in prison records and/or an ICE hold constitutes adverse action because, even with this assumption, Plaintiff has failed to state a cognizable claim for retaliation under § 1983. Specifically, Plaintiff has not alleged facts demonstrating that the specific individuals named in the proposed supplement are the ones who placed or caused to be placed the allegedly false information in Plaintiff's records, that they did so because of Plaintiff's engagement in protected conduct,[2] and that the placement of this allegedly false information in Plaintiff's records has chilled Plaintiff's exercise of his protected First Amendment rights.

Moreover, Plaintiff claims that the allegedly false information regarding his citizenship was placed in the CDCR records in retaliation for the filing of this lawsuit and a 602 appeal. (ECF No. 8 at 1 ("it's a retaliation"); ECF No. 8 at 8 ("as result of me filing this case with this court and because trying to appeal to VSP CDCR 602 on 5/17/2019 . . . it's a retaliation in collaboration with ICE-Sacramento Field Office").) However, the attachments to the proposed supplement demonstrate that Plaintiff's CDCR records have stated, since at least December

---

[2] In the prison context, not all speech is protected speech, and a prisoner does not have the same First Amendment rights as a non-prisoner. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Thus, a prisoner's claim that he has engaged in protected conduct "must be analyzed in terms of the legitimate policies and goals of the corrections system . . . ." *Id.* In this context, protected conduct includes, for example, the filing of administrative grievances and initiating civil litigation, and it is therefore impermissible for prison officials to retaliate against prisoners for engaging in these activities. *See* Rhodes, 408 F.3d at 567.

8

2018, that Plaintiff's citizenship is "Resident Alien." (*See* ECF No. 8 at 2 (Classification Committee Chrono dated December 19, 2018, stating "Citizenship: Resident Alien.") Thus, the CDCR records could not have been altered in retaliation for Plaintiff's filing of the present lawsuit, which was filed on July 12, 2019, or in retaliation for Plaintiff's 602 appeal, which was filed on May 17, 2019.[3]

In sum, Plaintiff's proposed supplement involves individuals not named in the Complaint, involves a different incident and a different factual basis than the claims raised in the Complaint, and fails to state a cognizable claim. The Court will accordingly deny Plaintiff's motion to supplement the Complaint.

## V. ORDER AND RECOMMENDATIONS

Based on the foregoing,

1. IT IS ORDERED that Plaintiff's motion to supplement the Complaint (ECF No. 8) is DENIED;
2. IT IS RECOMMENDED that:
    a. This action be dismissed, with prejudice and without leave to amend, based on Plaintiff's failure to state a cognizable claim under § 1983;
    b. This dismissal be subject to the "three strikes" provision of 28 U.S.C. § 1915(g);
    c. Alternatively, that this action be dismissed without prejudice for failure to exhaust; and
    d. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file

---

[3] The Court also takes judicial notice of *Beaton v. State of California*, Case No. 1:19-cv-01072-JLT, filed on August 6, 2019. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (The Court may take judicial notice of its own records in other cases). In that case, Plaintiff appears to be raising the same or similar issues that he is raising in his proposed supplement. *See* Case No. 1:19-cv-01072-JLT, ECF No. 1 (Complaint brought under § 1983 in which Plaintiff alleges that defendants are retaliating by falsely claiming that Plaintiff is a resident alien and that this is false because Plaintiff became a U.S. citizen through a naturalization ceremony in May 1996).)

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 28, 2019**__         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE